TROY LAW, PLLC
*Attorneys for the Plaintiff, and proposed FLSA Collective Class*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:   718) 762-1324
Fax:   (718) 762-1342

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
YONGXI WANG,
*on behalf of himself and others similarly situated*,
                                               Plaintiff,
                        v.
HANAMI SUSHI, INC.
         d/b/a Hanami Japanese Cuisine;
HANAMI SUSHI 857 INC.
         d/b/a Hanami Japanese Cuisine;
XIA YING ZHANG,
JOHN DOE, and
JANE DOE
                                              Defendants.
-------------------------------------------------------------x

**Case No: 16-cv-3599**

<u>**29 U.S.C. § 216(b)**</u>
<u>**COLLECTIVE ACTION**</u>

<u>**COMPLAINT**</u>

Plaintiff YONGXI WANG (hereinafter referred to as "Plaintiff"), on behalf of himself and other similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants HANAMI SUSHI, INC. d/b/a Hanami Japanese Cuisine; HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine; XIA YING ZHANG, JOHN DOE, and JANE DOE, (hereinafter referred to as "Defendants").

### <u>INTRODUCTION</u>

1. This action is brought by Plaintiff, on behalf of himself as well as other similarly situated employees against Defendants of the New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) breach of implied contract for reimbursement of all costs and expenses of operating his delivery bicycle on behalf of Defendants, (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

3. Plaintiff further alleges pursuant to New York Labor Law § 650 *et seq.* and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) breach of implied contract for reimbursement of all costs and expenses of operating their delivery vehicles on behalf of Defendants, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this controversy under 29 U.S.C.

§216(b), 28 U.S.C. § 1331.

5. This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff YONGXI WANG was employed by Corporate Defendants HANAMI SUSHI, INC. d/b/a Hanami Japanese Cuisine; and HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine at 857 9th Avenue, New York, NY 10019 as a deliveryman.

## DEFENDANTS

*Corporate Defendants*

8. Defendant HANAMI SUSHI, INC. d/b/a Hanami Japanese Cuisine is a domestic business corporation organized under the laws of the State of New York with a principal address at 857 9th Avenue, New York, NY 10019.

9. Upon information and belief, HANAMI SUSHI, INC. d/b/a Hanami Japanese Cuisine is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

10. Upon information and belief HANAMI SUSHI, INC. d/b/a Hanami Japanese Cuisine purchased and handled goods moved in interstate commerce.

11. Defendant HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine is a domestic

business corporation organized under the laws of the State of New York with a principal address at 857 9th Avenue, New York, NY 10019.

12. Upon information and belief, HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

13. Upon information and belief HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine purchased and handled goods moved in interstate commerce.

14. At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by HANAMI SUSHI, INC. d/b/a Hanami Japanese Cuisine and HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine.

15. Corporate Defendants are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

16. HANAMI SUSHI, INC. d/b/a Hanami Japanese Cuisine and HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine had the same "Boss" JOHN DOE and "Lady Boss" JANE DOE, and hired the same staff under identical or highly similar working conditions.

17. At all times relevant to this action, Corporate Defendants do or did business as Hanami Japanese Cuisine at 857 9th Avenue, New York, NY 10019.

*Owner/ Operator Defendants*

18. The Individual Defendant is an officer, director, manager and/or majority shareholder or owner of the Corporate Defendants HANAMI SUSHI, INC. d/b/a Hanami Japanese Cuisine and HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine, and as one of the ten

largest shareholders, is individually responsible for unpaid wages under the New York Business Corporation Law.

19. Owner/ Operator Defendant XIA YING ZHANG (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

20. Owner/ Operator Defendant XIA YING ZHANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with HANAMI SUSHI, INC. d/b/a Hanami Japanese Cuisine and HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine.

21. Defendant JOHN DOE, known as "Boss," to Plaintiffs is the operator, manager, principal and/or agent of the HANAMI SUSHI, INC. d/b/a Hanami Japanese Cuisine and HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine at 857 9th Avenue, New York, NY 10019.

22. Owner/ Operator Defendant JOHN DOE (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

23. Owner/ Operator Defendant JOHN DOE acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with HANAMI SUSHI, INC. d/b/a Hanami Japanese Cuisine and HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine.

24. Defendant JANE DOE, known as "Lady Boss," to Plaintiffs is the operator, manager,

principal and/or agent of the HANAMI SUSHI, INC. d/b/a Hanami Japanese Cuisine and HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine at 857 9th Avenue, New York, NY 10019.

25. Owner/ Operator Defendant JANE DOE (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

26. Owner/ Operator Defendant JANE DOE acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with HANAMI SUSHI, INC. d/b/a Hanami Japanese Cuisine and HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine.

27. For instance, the Boss and Lady Boss set the business hour schedule from 11:00 to 22:15 from Monday to Saturday, and 11:30 to 22:15 to outside customers.

28. Boss and Lady Boss hired and fired Plaintiff, assigned him to do his side jobs outside of his tipped delivery work.

29. Additionally, the Boss and Lady Boss set Plaintiff's work shift, assigned Plaintiff side work, paid Plaintiff a fixed salary of one thousand two hundred dollars ($1200) in cash each month.

## STATEMENT OF FACTS

30. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

31. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the hourly minimum wage rate for each hour worked.

32. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawfully due overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

33. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

34. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

35. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice in English and in Chinese (Plaintiff's primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

36. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

37. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

38. Defendants willfully and intentionally committed widespread violations of the FLSA and NYLL.

39. From on or December 13, 2015 to March 31, 2016, Plaintiff YONGXI WANG was employed by Defendants to work as a deliveryman for HANAMI SUSHI, INC. d/b/a

Hanami Japanese Cuisine; HANAMI SUSHI 857 INC. d/b/a Hanami Japanese Cuisine.

40. At all relevant times, Plaintiff worked for six (6) days each week, with either Wednesday or Thursday off.

41. At all relevant times, Plaintiff would start work from 10:40 and work until 22:30, for six days, for a total of seventy one (71) hours per week.

42. At all relevant times, Plaintiff was paid a flat rate of one thousand two hundred dollars ($1200) each month in cash.

43. At all relevant days when Plaintiff was not assigned a fixed meal break. Plaintiff had around ten (10) minutes to eat his lunch and even then, Plaintiff was on-call. Should an order come in during his meal period, his meal period ends, and Plaintiff was required to deliver.

44. At all relevant times, Plaintiff was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

45. Defendants never informed Plaintiff that there were taking tip credit towards the minimum wage.

46. Further, Plaintiff was required to side work, which includes, but is not limited to: putting the restaurant chairs on the table, mopping the floor, sweeping the floor, arrange and cutting the paper cut board for the delivery bags, filling sauces into small boxes, filling the dark sauce, filling the soda and bringing out garbage.

47. As a result, Plaintiff's non-tipped work exceeds two hours or twenty percent (20%) of the Plaintiffs' workday.

48. At all relevant times, Defendants paid Plaintiff a flat rate of one thousand dollars ($1,000) in cash per month.

49. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully

overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

50. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

51. Defendants required Plaintiff to shoulder Defendants' business expenses, including expending out-of-pocket and unreimbursed purchase of two (2) electricity bicycles, costing one thousand two hundred dollars ($1200) and one thousand four hundred fifty dollars ($1450), respectively, and a lock costing eighty dollars ($80).

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly situated collective action members, for some or

all of the hours they worked.

55. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

56. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Minimum Wage]

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. At all relevant times, Plaintiff were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

59. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

60. Defendants knowingly and willfully violated Plaintiff' and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

61. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

64. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

65. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

66. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

67. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

68. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of

the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

69. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT IV.
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff]

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

72. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class are entitled to.

73. Defendant' failure to pay Plaintiff their overtime pay violated the NYLL.

74. Defendants' failure to pay Plaintiff were not in good faith.

### COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff]

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

76. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

77. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI.
### [Breach of Implied Contract for Reimbursement of all Costs and Expenses of Bicycle, including Depreciation, Insurance, Maintenance and Repairs]

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

80. Based on their personal experience and available information, Plaintiff can document actual "out-of-pocket" vehicle related expenses of his electric bicycle/ delivery vehicle.

81. The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

82. Plaintiff purchased, maintained and repaired a bicycle at his own expense.

83. Plaintiff performed these deliveries for the sole benefit of the Defendants.

84. Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

85. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiff would incur the expenses for bicycle purchase and bicycle maintenance, in exchange for compensation from Defendants for such expenses.

86. Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries.  As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

87. Defendants owe Plaintiff his overdue costs of delivery bicycle, and maintenance of the bicycle.

## COUNT VII.
### [Violation of New York Labor Law—Failure to Provide Meal Periods Brought on behalf of Plaintiff]

88. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89. The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL§ 162.

90. Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiff work or worked.

91. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

92. Defendants' failure to provide the meal periods required by NYLL §162 was not in good

faith.

## COUNT VIII.
### [Violation of New York Labor Law—Record-Keeping Requirements Brought on behalf of Plaintiff]

93. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94. Defendants did not maintain, establish and preserve Plaintiff' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

95. As a result of Defendants' unlawful conduct, Plaintiff have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

96. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff' labor.

97. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT IX.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on behalf of Plaintiff]

98. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

99. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the

employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

100. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

101. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

102. Due to Defendants' violations of New York Labor Law, Plaintiff are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT X.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiff]

103. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

104. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

105. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff' payday.

106. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover

from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

### COUNT XI.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

107. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

108. 26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

109. Due to Defendants' violations of 26 USC §7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

### COUNT XII.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law §349 Brought on behalf of the Plaintiff]

110. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111. New York General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

112. Due to Defendants' violations of New York GBS Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

113. Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

- d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

- e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

- f) An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due to Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

- g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

- h) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

- i) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j) Reimbursement of reasonable out-of-pocket costs sustained by Plaintiff and similarly situated drivers in the purchase, maintenance and repair of their electricity vehicles as drivers in direct service of Defendant Corporations;

k) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m) The cost and disbursements of this action;

n) An award of prejudgment and post-judgment fees;

o) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
May 18, 2016

                                        TROY LAW, PLLC
*Attorneys for the Plaintiff, and the proposed FLSA Collective*

                                        /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com